UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES GORDON FREEMAN<br>Petitioner, | ]<br>]<br>] | |
| v. | ]<br>] | No. 3:06-0106<br>Judge Echols/Knowles |
| WARDEN DAVID MILLS<br>Respondent. | ]<br>] | |

To: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By an order (Docket Entry No. 11) entered April 21, 2006, the Court referred this action to the Magistrate Judge " for consideration of all pretrial matters. Any dispositive motions filed shall be considered by the Magistrate Judge, who shall submit proposed findings of fact and recommendations for disposition."

Presently pending before the Court are respondent's Motion for Summary Judgment (Docket Entry No. 8) and the petitioner's Response in Opposition to the Motion for Summary Judgment (Docket Entry No. 14).[1]

For the reasons stated below, the undersigned recommends that the respondent's Motion for Summary Judgment should be granted and that this action should be dismissed.

---

[1] Also pending are petitioner's Motion to Amend Petition (Docket Entry No. 7), Motion for Respondent to Produce Records (Docket Entry No. 15) and Motion for Appointment of Counsel (Docket Entry No. 16). Because these motions are non-dispositive in nature, they shall be addressed by separate order.

1

# I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Prison in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Mills, Warden of the facility, seeking a writ of habeas corpus.

In June, 1998, a jury in Davidson County found the petitioner guilty of the theft of property valued in excess of $1000 and especially aggravated kidnaping. For these crimes, he received consecutive prison sentences of four years and thirty four (34) years, respectively, giving the petitioner an aggregate sentence of thirty eight (38) years.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 10; Addendum No. 1. The Tennessee Supreme Court later denied petitioner's Rule 11 application for further review.

The petitioner then filed a *pro se* petition for post-conviction relief in the Criminal Court of Davidson County. Following the appointment of counsel, an amendment of the post-conviction petition and an evidentiary hearing, the state trial court denied the petition. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 10; Addendum No. 2. Once again, the Tennessee Supreme Court rejected petitioner's application for further review.

# II. PROCEDURAL HISTORY

On September 30, 2004, the petitioner initiated this action by filing his habeas corpus petition (Docket Entry No. 1) in the United States District Court for the Western District of Tennessee. By an order (Docket Entry No. 4) entered January 31, 2006, the case was transferred from that district to the Middle District of Tennessee.

2

In his habeas corpus petition, the petitioner sets forth four primary claims for relief, with various sub-issues. These claims include :

> (1) the prosecutor failed to disclose exculpatory evidence
> > a) photos of the stolen automobile, and
> > b) statements given by a store clerk (Blackwell);
>
> (2) "blacks, women and other minorities" were prevented from serving as forepersons on the Grand and petit juries;
>
> (3) the petitioner was denied the effective assistance of counsel because[2]
> > a) counsel elicited testimony from the petitioner showing that he was incarcerated at the time of trial;
> > b) counsel neglected to impeach the testimony of the victim (Trevino);
> > c) counsel failed to challenge the failure of the trial judge to instruct the jury as to the lesser included offenses of aggravated kidnaping, kidnaping and false imprisonment;
> > d) counsel neglected to conduct an adequate investigation of the case prior to trial; and
> > e) counsel should have pursued a mens rea defense to the kidnaping charge;[3] and
>
> (4) the evidence was insufficient to sustain the convictions.

By an order (Docket Entry No. 6) entered February 27, 2006, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases. Presently pending before the Court is respondent's Motion for Summary Judgment (Docket Entry No. 8), to which the petitioner has filed a Response in Opposition to Motion for Summary

---

[2] At trial, the petitioner was represented by Larry Hoover, a member of the Davidson County Bar.

[3] Claims 3(d) and 3(e) are not found in the petition. They were, however, presented in the petitioner's Motion to Amend Petition (Docket Entry No. 7). Accordingly, these claims are now being considered with the rest of petitioner's claims.

3

Judgment (Docket Entry No. 14). Having carefully reviewed the petition, the pleadings and the record as a whole, it does not appear that an evidentiary hearing is needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

## III. ANALYSIS OF THE CLAIMS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers of the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

**A.) Procedural Default**

A petition for writ of habeas corpus will not be considered unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine that promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, each of the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once the petitioner's federal claims have been presented to the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider them. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990).

4

According to the record, some of the petitioner's claims were never raised in the state courts for review. *See* Docket Entry No. 10; Addenda Nos. 3 and 4. These claims include the prosecutor's alleged failure to disclose exculpatory evidence (Claim No. 1), discriminatory composition of the Grand and petit juries (Claim No. 2) and counsel's ineffectiveness for failing to pursue a mens rea defense to the kidnaping charge (Claim No. 3e). Further, two more claims, i.e., counsel's ineffectiveness for failing to impeach the testimony of the victim (Claim No. 3b) and counsel's failure to adequately investigate the case (Claim No. 3d) were raised at the state trial court level but were not pursued in the state appellate courts. *See* Docket Entry No. 10; Addendum No. 2.

To properly satisfy the exhaustion requirement, a claim must be fairly presented to every level of the state court system for consideration. Doctor v. Walters, 96 F.3d 675, 678 (3rd Cir. 1996). In the case of these claims, the petitioner has failed to do so. At this late date, however, it appears that state court remedies for these claims are no longer available. Tenn. Code Ann. § 40-30-202(a) (one year limitation period on the filing of a post-conviction petition). Thus, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional claims forfeits the right to have those claims reviewed in a habeas corpus proceeding, absent a showing

5

of cause for non-compliance *and* some showing of prejudice arising from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982). Here, there has been no showing of cause and prejudice. Consequently, the petitioner has forfeited the right to federal review of these claims due to his unexcused procedural default.

**B.) Fully Exhausted Claims**

The remaining claims, i.e., counsel eliciting testimony about the petitioner being incarcerated during trial (Claim No. 3a), ineffective assistance based upon counsel's failure to challenge the refusal to instruct on lesser included offenses (Claim No. 3c) and a challenge as to the sufficiency of the evidence (Claim No. 4) were addressed by the state courts on the merits and are fully exhausted.

When a federal habeas corpus claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld

6

unless, after the closest examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

### 1) Ineffective Assistance of Counsel

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner claims that his attorney was ineffective for bringing his custodial status to the attention of the jury. At the post-conviction evidentiary hearing, counsel testified that information about the petitioner's custodial status was elicited to create sympathy for the petitioner among jurors. The state courts found that this testimony, while it did not create the desired effect, was "prompted by trial strategy" rather than any type of deficiency on the part of counsel. Docket Entry No. 10; Addendum No.2 at pgs. 4-5.

An unsuccessful trial strategy will not support a claim of ineffective assistance if the action taken was reasonable at the time. Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 1037, 145 L.Ed.2d 985 (2000). The petitioner has offered nothing to suggest that informing the jury about his custodial status during the trial was unreasonable. Therefore, it does not appear that trial counsel was deficient in this respect. In any event, the petitioner has shown no prejudice arising from counsel's conduct in this regard. Accordingly, the findings of the state courts as to

7

this particular issue are neither contrary to nor an unreasonable application of federal law.

The petitioner also claims that his attorney was ineffective for neglecting to challenge the failure of the trial court to instruct the jury as to lesser included offenses. But a criminal defendant has no federally protected right to an instruction on lesser included offenses in a non-capital case. Bagby v. Sowders, 894 F.2d 792 (6th Cir. 1990). Thus, the petitioner is unable to show that he was prejudiced in any way by counsel's failure to seek jury instructions. As a consequence, the petitioner has failed to demonstrate an entitlement to habeas corpus relief arising from the ineffective assistance of counsel.

## 2) Sufficiency of the Evidence

The petitioner has alleged that the evidence was insufficient to support his convictions. The right to due process guaranteed to us by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. Id, at 99 S.Ct. 2789.

The jury saw video evidence that the petitioner jumped into an automobile belonging to the victim and sped off. The petitioner admitted to the theft when he took the witness stand. The victim's five year old child (Lee) was in the vehicle at the time of the theft and was let out of the automobile a short time later. Given this evidence, any rational juror could have found beyond a reasonable doubt that the petitioner had stolen the car and kidnaped the child.

8

Having independently reviewed the record, the undersigned finds that the state court judgment with respect to petitioner's fully exhausted claims was neither contrary to clearly established federal law nor did it involve an unreasonable application of federal law in light of the evidence. The state courts applied the proper legal analyses when addressing these claims and the petitioner has offered no clear and convincing evidence to refute the findings of fact made by the state courts. 28 U.S.C. § 2254(e)(1).

## RECOMMENDATION

For the reasons discussed above, the undersigned finds merit in the respondent's Motion for Summary Judgment (Docket Entry No. 8). Accordingly, it is respectfully RECOMMENDED that the respondent's motion should be GRANTED. It is further RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED and that this action be DISMISSED. Rule 8(b), Rules - - - § 2254 Cases.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

E. Clifton Knowles
United States Magistrate Judge

9